1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
     REBECCA A. HULL  Bar No. 99802
2    CARMEN J. COLE  Bar No. 218489
     One Market Plaza
3    Steuart Tower, 8th Floor
     San Francisco, California 94105
4    Telephone: (415) 781-7900
     Facsimile: (415) 781-2635
5    Rebecca.Hull@sdma.com
     Carmen.Cole@sdma.com
6

7    Attorneys for Defendants
     Kaiser Permanente Long Term Disability Plan and
     Metropolitan Life Insurance Company
8

9    ALTMAN & RAY LLP
     SARA SMITH RAY  Bar No. 140564
10   20700 Ventura Boulevard, Suite 128
     Woodland Hills, California 91364
11   Telephone: (818) 907-6900
     Facsimile: (818) 907-6906

12   Attorney for Plaintiff Patricia Roach

13

14

15                UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18   PATRICIA ROACH, | CASE NO. CV08-4746-JFW (AGRx) |
| 19       Plaintiff, | **JOINT RULE 26(f) REPORT** |
| 20       v. | |
| 21   KAISER PERMANENTE LONG | DATE:   October 20, 2007 |
|     TERM DISABILITY PLAN; | TIME:    8:30 a.m. |
| 22   METROPOLITAN LIFE | CTRM:   16 |
|     INSURANCE COMPANY, | JUDGE:   HON. JOHN F. WALTER |
| 23 | |
|       Defendants. | |
| 24 | |

25

26        **TO THE COURT AND TO ALL PARTIES AND THEIR**

27 **ATTORNEYS OF RECORD HEREIN:**

28

Plaintiff Patricia Roach ("plaintiff") and defendants Metropolitan Life Insurance Company ("MetLife") and Kaiser Permanente Long Term Disability Plan (the "Plan") (collectively "defendants") submit the following Joint Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

### 1.    Conference of Counsel

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was conducted on October 6, 2008 between Sara Smith Ray of Altman & Ray, attorney for plaintiff and Carmen J. Cole of Sedgwick, Detert, Moran & Arnold LLP, attorneys for defendants.

### 2.    Pre-Discovery Disclosures

The parties agree that initial disclosures will be made pursuant to the provisions of F.R.C.P. 26(a)(1).  Defendants' agreement in that regard, however is made in order to avoid unnecessary delay and expense, and without waiving the issue of the applicability of Federal Rule of Civil Procedure 26(a)(1)(E)(i) to the instant case, which will be decided based on review of the administrative record.

### 3.    Nature and Basis of Claims

Plaintiff brings this action seeking benefits she alleges are due to her under the terms of the Plan, which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in which she participated due to her employment with Southern California Permanente Medical Group ("SCPMG").  The Plan's benefits are funded through a group policy of long term disabilty ("LTD") insurance issued by defendant MetLife.  Defendants deny all allegations asserted against them in the Complaint.

### A.    Defendants' Position

Plaintiff worked as a Project Manager/Ambulatory Care RN Manager for the Southern California Permanente Medical Group.  Her last day of work was November 4, 2004.  On November 5, 2004, she submitted a claim for LTD

benefits, stating that she was totally disabled by chronic pain, stress and hypertension. Plaintiff also pursued a workers' compensation claim. From November 2004 to November 2005, plaintiff received state disability benefits and other unspecified benefits from another insurer. Thereafter, plaintiff began submitting her medical information to MetLife in connection with her LTD benefits claim.

On February 16, 2006, at MetLife's request plaintiff's medical file was reviewed by an independent physician consultant ("IPC"), who is board certified in preventive medicine and family practice, to assess plaintiff's level of functionality. As part of this review, records concerning plaintiff from her employer for the period between January 1994 through November 2005 were reviewed, as well as all documents from plaintiff's treating physicians for the period between February and December 2005. The IPC opined that plaintiff should be capable of working in a heavy classification of employment according to DOT classifications. The IPC identified the primary diagnoses for plaintiff as depression and anxiety, but also opined that there was no demonstrated impairment associated with these psychiatric conditions that prevented plaintiff from performing her occupation. Additionally, the IPC opined that there were no restrictions or limitations that would change plaintiff's perception of her workplace stressors, as plaintiff's complaints were related to the job environment in which she was working.

On February 22, 2006, MetLife denied plaintiff's claim for LTD benefits, because her absence from the workplace was based upon job dissatisfaction and her perception of work-related stress, not functional limitations preventing her from doing her occupation. MetLife noted that based upon the evaluation of her records, it was determined that she could perform her usual occupation for a different employer, or even under a different supervisor. Therefore, it was determined that plaintiff was not eligible for benefits under the Plan.

Plaintiff was informed in the denial letter that she had the right to appeal the decision if she disagreed with it, and was given information as to how to do so. Nevertheless, plaintiff failed to meaningfully appeal the denial, and the litigation should be dismissed for plaintiff's failure to exhaust administrative remedies. Plaintiff's failure to perfect her appeal following her notice to MetLife of her mere "intent" to appeal cannot be leveraged into avoidance of the Plan's grant of discretion to MetLife, as she now contends.  First, since she did not perfect her appeal there was no appeal to which MetLife could respond, and cases such as *Finley v. Hewlett-Packard Co. Employee. Benefits Org. Income Prot. Plan*, 379 F.3d 1168 (10th Cir. 2004); *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98 (5th Cir. 1993); and *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988) reject her argument; the relevant decision is the original claim decision, and it is entitled to deferential review under the arbitrary and capricious standard.  See also *Gatti v. Reliance Std. Life Ins. Co.*, 415 F.3d 978 (9th Cir. 2005).  If the claim is considered by the Court on its merits, however, MetLife's adjudication should be upheld.

## B.    Plaintiff's Position

Defendant's failed to respond to plaintiff's appeal and therefore this matter is reviewed *de novo* by the Court.

## 4.    Discovery Plan

### A.    Defendants' Position

Defendants contend that the mere existence of a structural conflict of interest (where, as here, the claim fiduciary is also the funding source for the Plan) does not in itself make discovery appropriate, particularly in light of the United States Supreme Court's ruling in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008) that the existence of a conflict of interest is merely one of many factors that a reviewing court will consider in determining whether denial of a claim was an abuse of discretion.  If the claim decision is reasonable in light of the

administrative record, courts find no abuse of discretion.  *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2004).  The Supreme Court's decision in *Glenn, supra,* 128 S. Ct. 2343, did not substantially change the rule of *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006) (*en banc*), which has defined this Circuit's law on the issue.  That is, unless Plaintiff is able to show that the denial of her benefits is unreasonable in light of the administrative record, discovery of information outside the administrative record would merely serve to drag out the litigation in defiance of ERISA's goal of inexpensive and expeditious dispute resolution.

> **B.    Plaintiff's Position**

Discovery pursuant to *Glenn v. MetLife* will be conducted by plaintiff.

**5.    Principal Factual Issues Which the Parties Dispute**

> **A.    Defendants' Position**

> > i.    Did the Plan properly exercise its discretion when it denied plaintiff's claim for long term disability benefits?

> **B.    Plaintiff's Position**

> > i.    Is plaintiff due benefits pursuant to the terms of the Plan?

**6.    Principal Legal Issues Which the Parties Dispute**

> **A.    Defendants' Position**

> > i.    Should plaintiff's complaint be dismissed without prejudice until such time as she exhausts available administrative remedies under the Plan?

> > ii.    Did the Plan's claim administrator properly exercise its discretion when it denied plaintiff's claim for long term disability benefits?

> **B.    Plaintiff's Position**

Is Plaintiff due benefits under the terms of the Plan?

**7.    Other Factual Issues to be Resolved**

**A.    Defendants' Position**

There are no other factual issues to be resolved.

**B.    Plaintiff's Position**

There are no other factual issues to be resolved.

**8.    Additional Parties to be Joined**

There are no additional parties to be joined.

**9.    Assignment of Case to a United States Magistrate Judge**

**A.    Defendants' Position**

Defendants do not consent to assignment to a United States Magistrate Judge.

**B.    Plaintiff's Position**

Plaintiff does not consent to assignment to a United States Magistrate Judge.

**10.    Alternative Dispute Resolution**

The parties have made not yet discussed possible resolution of this case, but agree to participate in mediation.  The parties have not agreed on a mediator.

**A.    Defendants' Position**

Defendants agree to either make a selection from the Court's ADR Panel or, in the alternative, defendants propose selecting a private mediator with the parties to share the costs.

**B.    Plaintiff's Position**

Plaintiff is agreeable to the Magistrate in this matter or the ADR Panel.

**11.    Deadline for ADR Process**

The parties agree that the deadline for completion of mediation should be January 31, 2009.

**12.    Anticipated Motions**

**A.    Defendants' Position**

1    Defendants will file a motion for summary judgment.

2           **B.**     **Plaintiff's Position**

3    This matter is to be determined *de novo* by the Court and therefore is a Court

4    Trial.

5        **13.**    **Trial**

6    Defendants propose that the case be decided on cross-motions for summary

7    judgment, as summary judgment is the usual vehicle for bringing the issues before

8    the Court for decision.  To the extent the Court deems trial necessary, a bench trial

9    should be set for April 2009.  In the event of a bench trial, the parties agree that a

10    reasonable trial estimate for this case is two to three hours.

11        **14.**    **Other Matters**

12           **A.**     The parties do not believe that this is a complex case warranting

13    application of the Manual on Complex Litigation.

14           **B.**     At this time, the parties do not intend to add additional parties

15    to this action.

16           **C.**     The parties waive a pre-trial conference.

17           **D.**     The parties confirm that lead trial counsel, Rebecca A. Hull for

18    defendants, and Sara Smith Ray for plaintiff are registered "ECF" users.

19    AGREED AND ACCEPTED BY:

20

21    DATED: October 10, 2008        ALTMAN & RAY LLP

22

23    By: /s/ Sara Smith Ray _____

24           Sara Smith Ray

25           Attorney for Plaintiff
             Patricia Roach

26

27    DATED: October 10, 2008        SEDGWICK, DETERT, MORAN & ARNOLD
              LLP

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Carmen J. Cole
          Rebecca A. Hull
          Carmen J. Cole
          Attorneys for Defendants
          Metropolitan Life Insurance
          Company and Kaiser Permanente
          Long Term Disability Plan

APPROVED AND SO ORDERED:

DATED: _____

THE HONORABLE JOHN F.
WALTER,
United States District Judge